# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ANIBAL MORALES,**
**D.O.C. #Y40276,**

    **Plaintiff,**

vs.                                               **Case No. 4:23cv416-MW-MAF**

**T. WILLIAMS, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding pro se, initiated this case on September 20, 2023, by submitting a civil rights complaint, ECF No. 1. Plaintiff acknowledged that he has "three strikes" under 28 U.S.C. § 1915(g), and he asserted a risk of ongoing physical harm. Based on that assertion, Plaintiff was granted in forma pauperis status, ECF No. 14, but Plaintiff was required to file an amended complaint. ECF Nos. 15, 17.

    Plaintiff did so in January 2024, ECF No. 18, but the amended complaint was insufficient to proceed. Plaintiff was then directed to submit a second amended complaint. ECF No. 20. However, the second

amended complaint, ECF No. 21, was also insufficient and failed to comply with prior Court Orders. Thus, an Order was entered on February 14, 2024, which explained the deficiencies Plaintiff must correct and gave Plaintiff a March 14, 2024, deadline to do so. ECF No. 22. Moreover, Plaintiff was warned that a recommendation would be made to dismiss this case if a third amended complaint was not filed by March 14, 2024. *Id.* As of this date, nothing further has been received from Plaintiff. It appears Plaintiff has abandoned this case.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially

where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order. Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011). Here Plaintiff was forewarned and did not comply with a Court Order. Because Plaintiff has failed to prosecute this case, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on March 25, 2024.

    S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:23cv416-MW-MAF

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.